## FRANK E. CRANE v. RING & SMITH.

SALE — *Partnership* — *Pleading and Proof* — *Variance.* Under a complaint alleging that plaintiff sold goods to defendant, proof that he sold them to a firm of which defendant was a partner is not a material variance, where defendant, in his answer, admits the partnership, since civil code, § 133, provides that no variance between the pleading and proof is material unless it actually misleads the adverse party to his prejudice.

### Motion for Rehearing.

THE facts are substantially stated in *Crane v. Ring,* supra, and in the opinion herein, filed April 9, 1892.

*John W. Deford,* for the motion.
*W. Littlefield,* and *H. P. Welsh,* contra.

*Per Curiam:* The question in this case is one of pleading only. The answer denied that the contract set out in the petition was ever made; alleged that the transaction was a different one; stated what it was; that it was a dealing between Ring & Smith and Crane & Toms, and not between Ring & Smith and Crane alone; gave the name of each member of Crane & Toms, and was verified. It seems to be conceded

that if Ring & Smith had alleged in their petition that the goods sold and delivered to him, and amounting to $1,185.37, was a sale to Crane & Toms as partners, and not to Crane only, then the instruction of the court complained of would not have been erroneous. It is urged that the facts constituting the cause of action were not stated in ordinary and concise language when the sale was charged to Crane only and not to the firm of Crane & Toms; therefore, it is said that the petition gave no notice to Crane that he was being sued upon a contract made with Crane & Toms, who were partners. If the answer had been a general denial only, there would be much force in the argument of counsel for Crane, but the pleadings admitted that there was a partnership consisting of Crane and Toms.

Under the findings of the jury, it is immaterial whether the contract sued on was with Crane alone, or with Crane & Toms, because all the pleadings must be construed, and, under our practice, substance is more regarded than mere forms. If the contract sued on was with Crane only, the plaintiffs below was entitled to their judgment. If the contract was with Crane & Toms, the defendant below could not have been surprised, in view of his answer, and therefore we think, considering the pleadings, that the judgment was not erroneous. It would have been useless to have allowed the case of plaintiffs below to abate, and permit them to file a new petition, alleging a contract with Crane & Toms. We can well understand that in many cases, where the answer simply denies the allegations of a petition, that it would be improper and prejudicial to allege a contract with an individual only and recover on a contract with partners. But, upon the pleadings, this is not such a case.

The motion for a rehearing will be overruled.