Rhees v. Coe.

---

No. 18,603.

L. A. RHEES, *Appellee,* v. C. M. COE et al., *Appellants.*

SYLLABUS BY THE COURT.

ACCOUNTING—*Partnership—Adjustment of Item Not Pleaded—Variance—No Prejudicial Error.* In an action for an accounting between partners, the allowance of an item growing out of the partnership business which was not pleaded but of which there was undisputed evidence is not such a variance as will require the reversal of the judgment, especially when no motion to strike out or to deduct such item was presented to the trial court.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed February 7, 1914. Affirmed.

*J. W. Parker,* of Olathe, for the appellants.

*F. R. Ogg,* of Olathe, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In his petition, filed at the commencement of this action, the appellee alleged that he rented a farm of appellants, and by the terms of the contract the appellants were to furnish the land, the stock thereon, one-half the feed for the same, and the implements and teams necessary to farm the land; that the appellee was to do the work and that the crop and the increase of the stock were to be equally divided between the parties to the contract. He appended to the petition an itemized statement of his claims. The appellants, in answer, restated the contract according to their version and alleged that the transaction constituted a copartnership between the parties, and asked for an accounting and prayed judgment for $1066.69 against the appellee.

After the introduction of appellee's evidence, a demurrer was filed thereto, and pending the hearing of the motion the appellee obtained leave to file an amended petition, to which he appended an itemized statement of his claims and claimed that a balance was due to him. Appellants filed successively a demurrer to the amended petition and to the evidence which had been produced, each of which motions were overruled. Thereupon the appellants introduced their evidence under the pleadings filed. The court made extensive findings of fact and conclusions of law and rendered judgment in favor of the appellee for $328.35. Appellants then filed a motion for a new trial, which was overruled.

Several assignments of error are made, only one of which we think requires any discussion. The court

found that there was evidence that appellee sold his interest in some corn, produced on the farm, to the appellants at the agreed price of $300, and this item in favor of appellee was allowed by the court, although it was not included in the appellee's itemized statement in the petition. If a motion had been made to strike out this item, the appellee would probably have asked and been allowed to amend his petition to include it. It is claimed by the appellants, as to this item, that it is not a partnership transaction but an individual transaction between partners for which the appellee could have brought a separate action. It is, however, a transaction growing out of the partnership business, and it is the policy of the law to settle all controversies, where possible, in one action. The most that can be said is that it is a variance from the pleading. It is also apparent that if the fact of such variance had been called to the attention of the court, the pleading would probably have been reformed to include the item. Under the provisions of section 134 of the civil code, we think the variance would not justify a reversal of the judgment. (See, also, *A. T. & S. F. Rld. Co. v. Rice,* 36 Kan. 593, 14 Pac. 229, and *Crane v. Ring,* 48 Kan. 61, 29 Pac. 696.)

The judgment is affirmed.